## STEWART ABSTRACT CO. et al. v. EMPLOYERS' CASUALTY CO.
### (No. 2165.)

Court of Civil Appeals of Texas. El Paso.
June 28, 1928.

Rehearing Denied Sept. 4, 1928.

1. Counties ⬥➝123—Contract to make abstract of land for tax purposes and to install complete plat book for county held "public work," within statute requiring bond for laborers and materialmen (Rev. St. 1925, art. 5160).

Contract to make for county an abstract of property in county for tax purposes, to install a complete map and plat book, and prepare a statement showing amount of delinquent taxes, *held* one relating to a "public work," within Rev. St. 1925, art. 5160, requiring contractors entering a contract to construct a public building or any public work to execute a penal bond, containing obligation to promptly pay persons supplying contractor with labor and materials; statute not being limited to buildings or structures, in view of purpose of statute to protect furnishers of labor and material not protected by any lien.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Public Work.]

2. Counties ⬥➝123—Bond executed under statute incorporated terms of statute (Rev. St. 1925, art. 5160).

By executing bond as surety, under Rev. St. 1925, art. 5160, requiring contractor, contracting to construct public building or any other public work, to execute the usual penal bond, with additional obligation to pay suppliers of labor and materials, surety necessarily asserts that terms of statute become part of obligation, and such statute is therefore to be read into bond.

Appeal from District Court, El Paso County; P. R. Price, Judge.

Action by the County of El Paso against Harper & Co. and the Employers' Casualty Company, in which Joe Geiger, John W. Smith, G. D. Guinn, Frank W. Cook, C. R. Stevens, Ethel W. Brothers, and the Stewart Abstract Company separately intervened. From the judgment, interveners appeal. Reversed and rendered.

R. J. Channell and Henry T. Moore, both of El Paso, for appellants.

Leachman & Gardere, of Dallas, for appellee.

WALTHALL, J. Harper & Co., a copartnership composed of A. O. and M. W. Harper, entered into a contract with El Paso county, Tex., on June 24. 1926, by the terms of which they agreed to perform the following services for El Paso county:

(a) Make a tax abstract of the property that was unknown and unrendered, and which was delinquent from 1885, to include the tax roll of 1924.

(b) Make a map showing all the record owners and description of all real property in El Paso county, outside of the corporate limits of the city of El Paso, as of January 1, 1928.

(c) Prepare a statement for the county, showing the amount of delinquent taxes due on all delinquent property up to January 1, 1928, showing the name of the person, firm, or corporation owing the delinquent taxes, as well as the penalty, interest, and costs due on each tract.

(d) Keep a competent man in El Paso county to assist the county officers in collect-

---

⬥➝For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ing the back taxes for a period of one year after the completion of the performance of the service.

Upon the execution of the contract with the county, Harper & Co. furnished to the county a bond, with appellee as surety thereon, in the principal sum of $25,000, which after referring to the contract, provided that:

"The condition of the above obligation is such that, if the above-bound principal, Harper & Co., shall in all things well and truly perform all the terms and conditions of the contract, according to its tenor, and make and install said map and plat book system as set out in said .contract, then this obligation shall be null and void; otherwise, to remain in full .force and effect."

The sole and only obligee in said bond is El Paso county, Texas. The county of El Paso sued Harper & Co. and the appellee for damages in the sum of $25,000 alleged to have been sustained by it by reason of an alleged breach of contract on the part of Harper & Co. On January 13, 1928, it filed its second amended original petition, pleading a breach of contract by the said Harper & Co., and praying for $25,000 damages.

The appellants, Joe Geiger, John W. Smith, G. D. Guinn, Frank W. Cook, C. R. Stevens, Ethel W. Brothers, and the Stewart Abstract Company, a private corporation, all intervened by separate interventions in said suit filed by the county, and each claimed a right of recovery against the said Harper & Co. and the appellee herein, alleging that they each had performed labor and/or furnished materials to the said Harper & Co. in the performance of said contract with the county. The claim of a right of recovery against appellee, the surety company, by each of said interveners, was on the theory that, although the bond furnished by appellee was not such a bond as protected them, or either of them, by its terms made them obligees, yet they each contended that the contract, which was to be performed by them for El Paso county, was such a contract as required the giving of a bond in compliance with article 5160, R. C. S. of Texas 1925, and that such statute was read into and became a part of the bond furnished, and the claim was also made by each of said interveners that the items sued for in each suit were either labor and/or materials, such as is protected by a bond contemplated in article 5160.

Appellee answered the interventions with a general demurrer, special exceptions, and a general denial. The cause came on for trial before the Forty-First judicial district court of El Paso county, Texas, without the intervention of a jury, on January 16, 1928. The plaintiff, El Paso county, did, on January 18, 1928, take a nonsuit, and upon the completion of the evidence the court rendered judgment in favor of the interveners and against the said Harper & Co., as follows:

| | |
|---|---|
| Joe Geiger | $ 75 00 |
| Ethel W. Brothers | 40 00 |
| C. R. Stevens | 92 50 |
| John W. Smith | 95 50 |
| Frank W. Cook | 75 00 |
| G. D. Guinn | 300 00 |
| Stewart Abstract Company | 2,026 20 |

The court rendered judgment against the interveners and in favor of the Employers' Casualty Company, appellee, on the respective actions asserted by each of them against said appellee on said bond. Upon request, the court made and filed the findings of fact and conclusions of law, which will be discussed hereinafter.

The appellants, Stewart Abstract Company, a private corporation, Smith, Stevens, Geiger, Cook, Brothers, and Guinn, joined together and filed on April 23, 1928, in the trial court, joint assignments of error, being six in number, but all of which were directed solely at alleged error of the trial court in its conclusion of law No. 3.

The trial court made and filed findings of fact as follows, which we adopt as our own:

### "Findings of Fact.

"(1) On June 24, 1926, the county of El Paso, Texas, acting through its commissioners' court, entered into a contract in writing with A. O. and M. W. Harper, copartners doing business as Harper & Co.; for the terms and provisions of which contract, reference is herein made to the same, attached to and made a part of the trial petition of the plaintiff, county of El Paso, Texas, which exhibit is hereto referred and made a part thereof.

"(2) That on July 1, 1926, the defendants Harper & Co., as principal, and Employers' Casualty Company, as surety, executed and delivered to El Paso county, Texas, a surety bond, with terms, conditions, and provisions as is more particularly shown by copy of same, attached to the trial petition of the plaintiff, county of El Paso, to which reference is herein made, and the same is made a part hereof.

"(3) That thereafter the defendants Harper & Co. proceeded to perform the contract, and during the performance of same the said defendants Harper & Co. used the records of Stewart Abstract Company, a private corporation, intervener herein, located in the city of El Paso, Texas, for the purpose of gathering from such permanent records of said abstract company certain data and information needed by the said Harper & Co. in the performance of their contract with the county of El Paso; that these records consisted of permanent files, records, indexes, maps, and plats owned and possessed by the said Stewart Abstract Company, at its abstract office, for a period of six weeks, at an agreed price of five hundred dollars ($500) per month, or a total of seven hundred fifty ($750) dollars, for a period of six weeks, which sum is owing to the said intervener by the defendants Harper & Co., for the use of said records, owing and unpaid, and which sum of seven hundred and fifty dollars represents the reasonable value of such use of said records.

"That, in addition thereto, said intervener Stewart Abstract Company, at the special in-

stance and request of the defendants Harper & Co., furnished to them, during this same period of time, six thousand three hundred eighty-one (6,381) names of the record owners of various pieces of property in El Paso county; Texas, said list showing the name of the owner and the lot and block number of the property; that the price for this service was not agreed on by the parties, but the court finds that twenty (20) cents per name is a reasonable charge for the services so rendered, and that for such services rendered the defendants Harper & Co. by the Stewart Abstract Company, a corporation, the latter is entitled to recover from the former the sum of one thousand two hundred seventy-six ($1,276.20) dollars and twenty cents, which is past due and unpaid; that this list of names was obtained by the employees of the Stewart Abstract Company, gathering the data and information as to the owner and lot and block numbers of the various pieces of property from the records and files of said abstract company located in the city of El Paso, Texas, and, after such information was obtained, was typed into a report, which information was to be used by the said Harper & Co. in the performance of their contract with El Paso county, Texas, and was reasonably necessary therefor.

"(4) That during the time that the defendants Harper & Co. were engaged in the performance of their contract with El Paso county, Texas, the following named interveners performed the services set out after their respective names at an agreed salary shown opposite their respective names, which amount shown is owing to the respective interveners by the defendants Harper & Co., and is unpaid.

| | |
|---|---|
| Frank W. Cook, clerical work performed in computing the amount of delinquent taxes.. | $ 75 00 |
| C. R. Stevens, a draftsman, who performed services in making maps and plats.......... | 92 50 |
| Mrs. Ethel W. Brothers, a typist, who transcribed information, obtained from the books of the Stewart Abstract Company, which information was to be later used by said defendants, Harper & Co. in completing their contract............................ | 40 00 |
| John W. Smith, mathematician, who computed figures in the matter of the amount of delinquent taxes due by different property owners ....................................... | 95 50 |
| G. D. Guinn, mathematician, who computed figures in the matter of the amount of delinquent taxes due by different property owners ....................................... | 300 00 |
| Joe Geiger, clerical services in making reports, it being intended that the information reflected thereon would later be used by Harper & Co. in performing their contract ...................................... | 75 00 |

"Conclusions of Law.

"1. I find that the intervener Stewart Abstract Company, a private corporation, is entitled to recover of and from the defendants Harper & Co., a copartnership, in the principal sum of two thousand twenty-six ($2,026.20) dollars and twenty cents, with interest at the rate of 6 per cent. (6%) per annum from January 1, 1927, together with all their cost in this behalf expended.

"2. That the following interveners are entitled to recover, of and from the defendants Harper & Co., a copartnership, the respective sums set out after their respective names:

| | |
|---|---|
| Joe Geiger........................................ | $ 75 00 |
| Mrs. Ethel W. Brothers......................... | 40 00 |
| C. R. Stevens.................................... | 92 50 |
| John W. Smith................................... | 95 40 |
| Frank W. Cook.................................. | 75 00 |
| G. D. Guinn..................................... | 300 00 |

—all with interest at the rate of 6 per cent. per annum from January 1, 1927, together with all their cost in this behalf expended.

"3. The contract executed between El Paso county and Harper & Co. is not such a contract as is contemplated in article 5160 of the Revised Civil Statutes of Texas of 1925, and that the bond executed by said defendant Employers' Casualty Company is not such a bond as inures to the benefit of any of the interveners herein, or such a bond as may be sued upon by them, or any of them, and that none of said interveners have any privity of contract with the defendant Employers' Casualty Company, and that none of them are entitled to a recovery against the defendant Employers' Casualty Company, and that as to all said interveners, the defendant Employers' Casualty Company is entitled to go hence without day, and recover of and from them all its cost in this behalf expended."

The things agreed to be performed by Harper & Co., as expressed in the terms of their contract with El Paso county and referred to in paragraph 1 of the trial court's findings of fact, briefly stated, are substantially as follows: Harper & Co. agreed to make and compile for El Paso county an abstract of property assessed, or unknown and unrendered, upon which there are delinquent taxes due said county and state, the abstract to embrace all property in said county on which there are delinquent taxes to the date of the completion of the contract. They agreed to install a complete map and plat book, or block map system, for all lands in the county, except lands within the corporate limits of the city of El Paso, showing each tract, lot, or parcel of land, with description thereof, the plat book to have piece of land platted, with field notes shown thereon, correctly tied to some county monument, and numbered according to surveys of said land, with record owners of said land as of January 1, 1928, so that from the said map, the plat book, or block map system, the sketches and field notes, the taxes may be properly assessed and collected. They agreed to perform the above service and submit a report of same to the commissioners' court at the times stated. Harper & Co. agreed, at their own expense, to employ all necessary help and labor necessary to the completion of said work, except such surveying as was necessary and such book or books necessary to be used, said things to be done, completed, and compiled for the use of the tax assessor, the tax collector, the county attorney, and commissioners' court of El Paso county. Harper & Co. agreed to furnish the county of El Paso an accurately prepared inked map and plat, on tracing cloth, of all surveyed lands in sizes adopted as standard for plat book, each sheet

for plat book to be titled and showing location. Harper & Co. agreed to and did file with the county judge of El Paso county a surety bond in the sum of $25,000, to be and which was approved by the commissioners' court, conditioned on the faithful performance of the separate contracts, services, and undertakings contracted to be done by them. The contract then provides for the method and times of payment by the county for said services, and other matters not necessary to state.

The condition of the bond executed by appellee, Employers' Casualty Company, referred to by the trial court in paragraph 2 of the findings of fact, but the condition of the bond is referred to, but not stated in the court's finding, is substantially as follows: The bond, after reciting the entering into the contract by Harper & Co. and the matters and things they agreed therein to do and perform, and referring to the contract for a full statement of the provisions of the contract, then proceeds:

"The condition of the above obligation is such that, if the above-bound principal, Harper & Co., shall in all things well and truly perform all the terms and conditions of the contract according to its tenor, and make and install said map and plat book system as set out in said contract, then this obligation shall be null and void; otherwise, to remain in full force and effect."

The above condition is followed by some provisions that the county would perform its part of the contract, and give notice of any default of the principal, but none of them enter into the controversy here and need not be stated.

## Opinion.

The third paragraph of the trial court's conclusion of law is as follows:

"The contract executed between El Paso county and Harper & Co. is not such a contract as is contemplated in article 5160 of the Revised Civil Statutes of Texas 1925, and that the bond executed by said defendant Employers' Casualty Company is not such a bond as inures to the benefit of any of the interveners herein, or such a bond as may be sued upon by them, or any of them, and that none of said interveners have any privity of contract with the defendant Employers' Casualty Company, and that none of them are entitled to a recovery against the Employers' Casualty Company, and that as to all interveners the defendant Employers' Casualty Company is entitled to go hence without day, and recover of and from them all its costs in this behalf expended."

And judgment was entered in favor of appellants as to Harper & Co., and the individuals comprising the firm, but judgment was entered in favor of appellee Employers' Casualty Company on the bond, and to the judgment in favor of appellee the appellants excepted and prosecute this appeal.

The interveners, appellants here, present several propositions, all directed to the above-stated conclusion of the trial court, and which question its correct interpretation and application to the facts found as applied to article 5160, R. C. S. 1925. Article 5160, R. C. S. 1925, and referred to in the above conclusion of the trial court, reads as follows:

"Any person, firm or corporation, entering into a formal contract with this state or its counties or school districts or other subdivisions thereof or any municipality therein for the construction of any public building, or the prosecution and completion of any public work, shall be required, before commencing such work, to execute the usual penal bond, with the additional obligation that such contractor shall promptly make payments to all persons supplying him or them with labor and materials in the prosecution of the work provided for in such contract. Any person, company, or corporation who has furnished labor or materials used in the construction or repair of any public building or public work, and payment for which has not been made, shall have the right to intervene and be made a party to any action instituted by the state or any municipality on the bond of the contractor, and to have their rights and claims adjudicated in such action and judgment rendered thereon, subject, however, to the priority of the claims and judgment of the state or municipality."

The remaining portion of the article seemingly has no application, and we omit transcribing it. The findings of the trial court show that each of the interveners did furnish the labor or material sued for to the principals in the contract with the county, Harper & Co., in the prosecution and completion of the subject-matter about which the formal contract with the county was entered into, and the bond of appellant was executed, and no question is raised that all of said services and labor were used by Harper & Co. in the performance of the contract.

The paramount question presented is whether the subject-matter of the contract is such public work as is contemplated by the above-quoted article of the statute. The above-quoted article of the statute was passed by the Thirty-Third Legislature at its Regular Session in 1913 (page 185, c. 99). While our statute is similar to and almost an exact copy of the federal statute on the same subject (Act Cong. Feb. 24, 1905, 33 Stat. 811; 40 USCA § 270; U. S. Comp. St. § 6923), and each has repeatedly been before the courts, federal and state, we have found no case in which the exact question presented here has been considered. The bond sued on was executed and delivered by the makers, and accepted by El Paso county, under and by virtue of the provisions and requirements of article 5160 of our Statutes of 1925.

[1] The purpose of enacting the statute under consideration was to protect persons furnishing labor and material in the construction of any public building, or the prosecu-

tion and completion of any public works, against which there could exist no lien for their protection. The method pursued was intended to effect this protection through a bond, required by the statute to be executed by the contractor undertaking to perform the public work. The execution of the bond is made a condition precedent to the right to commence such work. When such bond has been executed for such contractor, the effect of the statute is to declare the liability on the bond for labor and material used in the performance of the contract. In determining the liability on the bond the inquiries would seem to be: Is the work contracted to be done a public work; and was the labor or material used in supplying the contractor in its construction, or in its prosecution and completion; and has the person supplying the contractor with the labor or material a lien for his protection? Here the work contracted to be done is for El Paso county, and for the use and benefit of El Paso county, and its officers named, in the making of a tax abstract of certain lands, the making of maps, the preparation of a statement showing the amount of delinquent taxes, all more fully stated above, all permanent, physical things to be done, all requiring labor and material to be supplied in its prosecution and completion of the several things contracted to be done, and for which labor and material the person supplying same to the contractor has no lien for his protection.

We have concluded that the public work contracted to be done for the county, while not a building or structure of any kind, is such public work within the contemplation of the statute, and otherwise meets the tests for the purpose of which the statute was enacted. The statute uses the expression "any public work," and there is nothing in the statute itself to indicate that the Legislature intended that the purpose of the statute should apply only to a public work involving a building or other structure, as contended for by appellee.

On the above statement as to the purpose of the statute, see Globe Indemnity Co. v. Barnes et al., 288 S. W. 121, and in which case Judge Speer, for Section B, Commission of Appeals makes the observation:

"It is well settled that, where a bond is executed with the intention upon the part of all parties to comply with the requirements of a statute, the terms of such statute will become a part of such obligation, by incorporation, as it were, even though the bond itself otherwise be silent as to the statutory obligations. United States Fidelity & Guaranty Co. v. Henderson County (Tex. Com. App.) 276 S. W. 203, 1119; Smith v. Fidelity, etc., Co. (Tex. Com. App.) 280 S. W. 767. * * * The purpose of the statute under consideration was to protect persons furnishing material or labor in the construction of public works against which there could exist no lien for their protection. The method pursued was intended to effect this protection through the bond required to be executed by the contractor."

[2] As we view it by executing the bond as surety, the surety necessarily asserts that the terms of the statute becomes a part of the obligation. When the requirements of the statute are read into the bond, it would seem that the bond thereby becomes contractual with every one who supplies the contractor with labor or material in the prosecution of the public work under contract.

We have concluded that the trial court was in error in holding that the contract in question is not such a contract as is contemplated by the statute, and the bond is not such a bond as may be sued upon by appellants, or any of them, and that none of the interveners have any privity of contract with the appellee. The case is reversed, and judgment here rendered for appellants severally, and against the appellee Employers' Casualty Company, for the amounts found to be due and owing by the trial court. In no other respect is the judgment of the trial court disturbed.

Reversed and rendered.