## EMPLOYERS' CASUALTY CO. v. STEWART ABSTRACT CO. (No. 1079—5300.)

Commission of Appeals of Texas, Section B. June 5, 1929.

Leachman & Gardere, of Dallas, for plaintiff in error.

Henry T. Moore and R. J. Channell, both of El Paso, for defendant in error.

SPEER, J. El Paso county entered into a contract with Harper & Co., a copartnership, wherein Harper & Co. undertook to prepare and deliver to the county a map and plat book system and delinquent tax list, to secure the performance of which contract Harper & Co. executed a bond with Employers' Casualty Company as surety. El Paso county brought suit upon the bond for a default, and Stewart Abstract Company and a number of other claimants intervened, claiming to be beneficiaries under the bond. The trial court rendered judgment against the interveners, so far as they sought judgment upon the bond, but upon their appeal the Court of Civil Appeals reversed that judgment and rendered one in their favor. 8 S.W.(2d) 1107.

The case calls for a construction of article 5160, of the statutes (Rev. St. 1925): "Any person" or persons, "firm or corporation entering into a formal contract with this State or its counties or school districts or other subdivisions thereof or any municipality therein for the construction of any public building, or the prosecution and completion of any public work, shall be required, before commencing such work, to execute the usual penal bond, with the additional obligation that such contractor shall promptly make payments to all persons supplying him or them with labor and materials in the prosecution of the work provided for in such contract. Any person, company, or corporation who has furnished labor or materials used in the construction or repair of any public building or public work, and payment for which has not been made, shall have the right to intervene and be made a party to any action instituted by the State or any municipality on the bond of the contractor, and to have their rights and claims adjudicated in such action and judgment rendered thereon, subject, however, to the priority of the claims and judgment of the State or municipality. * * *"

The bond given in this instance did not specifically protect persons furnishing labor

or material, but the contention is made that, if the bond given was executed in an attempt to comply with the statute, the statute will be read into the bond and a recovery allowed thereon accordingly. This is true if the contract in this case comes within the statute quoted. Globe Indemnity Co. v. Barnes et al. (Tex. Com. App.) 288 S. W. 121.

The trial court concluded: "The contract executed between El Paso county and Harper & Co. is not such a contract as is contemplated in article 5160 of the Revised Civil Statutes of Texas of 1925, and that the bond executed by said defendant Employers' Casualty Company is not such a bond as inures to the benefit of any of the interveners 'herein, or such a bond as may be sued upon by them, or any of them, and that none of said interveners have any privity of contract with the defendant Employers' Casualty Company, and that none of them are entitled to a recovery against the defendant Employers' Casualty Company, and that as to all said interveners, the defendant Employers' Casualty Company is entitled to go hence without day, and recover of and from them all its costs in this behalf expended."

The Court of Civil Appeals held: "We have concluded that the public work contracted to be done for the county, while not a building or structure of any kind, is such public work within the contemplation of the statute, and otherwise meets the test for the purpose of which the statute was enacted. The statute uses the expression 'any public work,' and there is nothing in the statute itself to indicate that the Legislature intended that the purpose of the statute should apply only to a public work involving a building or other structure, as contended for by appellee."

No interpretation of the statute as to the precise point has been made, but we think the principles which control the matter are well settled. Whether or not the contract comes within the statute depends entirely upon the sense in which the Legislature used the words "public work." If the contract in question is a public work within that sense, then the interveners are entitled to recover; otherwise they are not, for the right is a statutory one, and the interveners must bring themselves within the terms of this statute before they will be permitted to assert it. The statute is specific as to public buildings, being within its terms, but the expression "public work" is very general. In such a case the rule ejusdem generis, though not an arbitrary rule of construction, is a most familiar and helpful aid to such construction. When general words follow a particular enumeration,

the general words will be construed to mean things of the general characteristics possessed by the particular ones. The Supreme Court has denominated this a "prime rule" of construction, saying: "Where, in a statute, general words follow a designation of particular subjects or classes of persons the meaning of the general words will be restricted by the particular designation in such statute." Farmers' & Mechanics' Nat. Bank v. Hanks, 104 Tex. 320, 137 S. W. 1120, Ann. Cas. 1914B, 368. This is but a statement of the general rule laid down by text-writers and uniformly followed by the courts. Such rule, of course, is not controlling where there are elsewhere in the text words which fairly import a different meaning. But there is nothing in this statute which would thus operate against the application of the doctrine of ejusdem generis.

Now every contract entered into, and every work undertaken by the state, county, municipality, or other agency enumerated in the statute is necessarily, in the broadest sense, a "public work," for such agencies are public agencies and act only for the public. But obviously the words "public work" were not used in that broad sense, for that would make the statute applicable to every contract of whatsoever character, a conclusion at once unreasonable. The "public work" contemplated was meant to embrace those contracts akin to building contracts. This intention is not alone supported by the doctrine of ejusdem generis, but other language of the statute itself accentuates that construction, for it gives the right of intervention and recovery upon the bond to those persons who have furnished labor or materials "used in the construction or repair of any public building or public work." The words "construction or repair" have reference alike to public buildings and public works, and indicate structural work. Again, throughout the act the word "contractor" is used. This term is apt in building, and other structural, contracts but is inapt to those contracts which are essentially for services, supplies, equipment, and the like. The construction of a county road is a public work, but it could hardly be said that a contract for the purchase of a road grader would be a public work. Such grader would be in the nature of a supply or equipment.

We recommend that the judgment of the Court of Civil Appeals be reversed, and the judgment of the trial court be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and judgment of the district court affirmed.