

# THE ATTORNEY GENERAL
## OF TEXAS

February 5, 1988

JIM MATTOX
ATTORNEY GENERAL

Honorable Hugh Parmer
Chairman
Committee on Inter-
   governmental Relations
Texas State Senate
P. O. Box 12068
Austin, Texas   78711

Opinion No. (JM-852)

Re:   Applicability of former article 988b, V.T.C.S., to transactions between a city council and a state university or school district which employs city council members (RQ-1197)

Dear Senator Parmer:

You request advice on the application of article 988b, V.T.C.S., to local public officials who are also employed by a state university. You inform us that Southwest Texas State University requested that the city of San Marcos approve an abandonment of certain streets and alleys bounded on all sides by the university. The request for abandonment was formally reviewed by the city planning commission, which recommended to the city council that the request be granted. The city council approved the abandonment. The university acquired ownership of the abandoned city easements, paying fair market value for them. See Local Gov't Code §272.001 (former article 5421c-12, V.T.C.S.; provides for the sale or lease of real property by a political subdivision).

You inform us that the San Marcos city council consists of six members. At present, four city council members either work for Southwest Texas State University or are married to university employees. Each of these university employees receives funds from the university in excess of 10% of his gross income for the previous year.

You ask the following question:

   Would a city council member who worked for Southwest Texas State University or whose spouse worked for Southwest Texas State University be prohibited by article 988b, V.T.C.S., from voting to grant or deny the abandonment request?

Article 988b, V.T.C.S., was amended by three bills adopted by the 70th session of the legislature. See Acts 1987, 70th Leg., chs. 323, 362, 659. It was also repealed and recodified as chapter 171 of the Local Government Code. Acts 1987, 70th Leg., ch. 149, §49(1). The repeal of article 988b, V.T.C.S., by the Local Government Code does not affect its amendment by the same legislature that enacted the code. Gov't Code §311.031(c). The amendments are given effect as part of the code provision that reenacted article 988b, V.T.C.S. Id.

The abandonment of streets and alleys was approved by the city council before the three amendments to article 988b, V.T.C.S., became effective. See generally S.B. No. 1131, Acts 1987, 70th Leg., ch. 323 (amendments to article 988b, V.T.C.S., effective Sept. 1, 1987); H.B. No. 1948, Acts 1987, 70th Leg., ch. 362 (amendments to article 988b, V.T.C.S., effective Sept. 1, 1987); Acts 1987, 70th Leg., ch. 659 (amendment stating when board members of higher education authority are subject to article 988b, V.T.C.S., effective June 18, 1987). Since you indicate that you are concerned about future transactions between the city and the university, we will apply article 988b, V.T.C.S., as amended and recodified to the situation you raise. If a different result would be reached under former article 988b, V.T.C.S., we will make note of it.

Section 171.004 of the Local Government Code, as amended by House Bill No. 1948 of the 70th Session of the Legislature, provides that a local public official commits an offense if he violates the following provision:

(a) If a local public official or a person related to that official in the first degree by either affinity or consanguinity has a substantial interest in a business entity or in real property, the local public official, before a vote or decision on any matter involving the business entity or the real property, shall file an affidavit stating the nature and extent of the interest and shall abstain from further participation in the matter if:

(1) in the case of a substantial interest in a business entity the action on the matter will have a special economic effect on the business entity that is distinguishable from the effect on the public; or

> (2)   in the case of a substantial interest in real property, it is reasonably forseeable that an action on the matter will have a special economic effect on the value of the property, distinguishable from its effect on the public.  (Emphasis added.)

Local Gov't Code §171.004(a).

Members of the San Marcos City Council are local public officials within this provision.  Local Gov't Code §171.001(1).  The spouse of a public official is a person related to that official within the first degree of affinity.  Attorney General Opinion V-785 (1949).  However, section 171.004 of the Local Government Code applies only when a member of a local governmental body or his relative has a substantial interest in a "business entity" which will be affected by a decision of the governmental body.  Thus, section 171.004 of the Local Government Code will not apply to this transaction unless Southwest Texas State is a "business entity."

Section 171.001 of the Local Government Code includes the following definition:

> (2)   'Business entity' means a sole proprietorship, partnership, firm, corporation, holding company, joint-stock company, receivership, trust, or <u>any other entity recognized by law</u>.  (Emphasis added.)

Local Gov't Code §171.001(2).

The definition specifically names several types of private business entities which may engage in activities such as providing goods, services or financing, which are directed at making money for the owners or beneficiaries of the entity.  Southwest Texas State University is an institution of higher education under the management and control of the Board of Regents, Texas State University System.  Educ. Code §96.41.  It is not any of the business entities specifically named in section 171.001(2).

The definition of business entity also includes the generalized phrase "or any other entity recognized by law."  This phrase, if taken out of context, appears to be broad enough to include a state university, since the university is an "entity" recognized by Education Code provisions.  However, the definition of "business entity" in section 171.001(2) should be construed according to the rule of ejusdem generis.  Where general words follow

specific words in a statutory enumeration, the general words are construed to include only items similar in nature to those items enumerated by the prevailing specific words. Farmers' & Mechanics' National Bank v. Hanks, 137 S.W. 1120 (Tex. 1911); Ex parte Muckenfuss, 107 S.W. 1131, 1132 (Tex. Crim. App. 1908); Employers' Casualty Co. v. Stewart Abstract Co., 17 S.W.2d 781 (Tex. Comm'n App. 1929, judgmt adopted); Sutherland, Statutory Construction §47.17 (4th Ed.). Thus, we believe that "any other entity recognized by law" should be read to refer to private entities organized in a form authorized or recognized by the legislature to carry out purposes similar to the purposes of the entities listed in section 171.001(2) of the Local Government Code.

Southwest Texas State University, in contrast to the business entities identified in section 171.001(2) of the Local Government Code, is a public institution established by legislative action and governed by public officers exercising delegated legislative authority. See, e.g., Educ. Code §§95.01, 95.21, 95.27-95.36, 96.41. The university's financing consists primarily of constitutionally appropriated funds, funds appropriated by the legislature, and fees collected from students pursuant to legislative authorization. Tex. Const. art. VII, §17; Educ. Code §§95.26, 95.28. Its primary purpose is to provide higher education to persons who qualify for admission. Educ. Code §§61.003, 96.41. Southwest Texas State University does not carry out the commercial purposes of the entities specifically identified in section 171.001(2). The university is publicly funded and its use of its funding is strictly controlled by statute. The general language of section 171.001(2) of the Local Government Code should not be construed to include a public institution of education like Southwest Texas State University. Accordingly, the university is not a "business entity" under that provision.

We note that Attorney General Opinion JM-424 (1986) concluded that a nonprofit corporation was a business entity within article 988b, V.T.C.S. This opinion relied on the general language of the definition, on the specific inclusion of "corporation" in the definition, and the absence of language limiting "business entities" to profit-making entities, in contrast to the limit included in the definition of "business entity" in the statute on financial disclosure requirements for public officers. V.T.C.S. art. 6252-9b, §2(11). The opinion did not consider the maxim "ejusdem generis," but it would have reached the same result had it done so. A nonprofit corporation is a private entity, which operates in a

statutorily authorized form of organization. <u>See</u> Texas Non-Profit Corporation Act, V.T.C.S. art. 1396-1.01 <u>et seq.</u> Although a nonprofit corporation may not distribute income to its members, directors, or officers, it may pay compensation for services rendered. <u>Id.</u> Thus, the employees of a nonprofit corporation may stand to gain from the corporation's transactions. Unlike a state supported educational institution, a nonprofit corporation is a private entity which may carry out purposes similar to the purposes of some of the business entities named in section 171.001(2) of the Local Government Code.

In answer to your question, we conclude that a San Marcos city council member who worked for Southwest Texas State University or whose spouse worked for the university would not be prohibited by former article 988b, V.T.C.S., as recodified, from voting to grant or deny the request for abandonment. The university is not a business entity within the statute. There are, however, other statutes relevant to potential conflicts of interest involving public officers and public employees, and these may apply in a particular case. <u>See, e.g.</u>, Penal Code §39.01 (official misconduct); V.T.C.S. art. 6252-9b, §8(c) (state employee should not accept other employment which would interfere with independence of judgment in performing his official duties).

## S U M M A R Y

Former article 988b, V.T.C.S., recodified as chapter 171 of the Local Government Code, does not apply to a vote on a matter involving Southwest Texas State University by a member of the San Marcos city council who is employed by the university or who has a substantial interest in the university through his spouse's employment there. Southwest Texas State University is not a "business entity" as defined in chapter 171.001(2) of the Local Government Code.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General