**DALLAS METAL FABRICATORS, INC., Appellant,**

v.

**LANCASTER INDEPENDENT SCHOOL DISTRICT, Appellee.**

**No. 05–97–01164–CV.**

Court of Appeals of Texas, Dallas.

Jan. 31, 2000.

Carl D. Tillery, Tillery & Tillery, Dallas, for Appellant.

R. Douglas Rees, Cooper, Aldous & Scully, Dallas, Darrell G–M Noga, Cooper & Scully, P.C., Dallas, for Appellee.

Before Justices MORRIS, WRIGHT, and MOSELEY.

## OPINION

Opinion By Justice MORRIS.

In this appeal, we address the meaning of the term "public work contract" as defined by the Texas Government Code. Specifically, we address Dallas Metal Fabricators, Inc.'s contention that a school district's insurance contract, at least in part, constitutes a public work contract between the school district and the insurance company. We conclude the contract involved here is not a public work contract and affirm the trial court's judgment in favor of Lancaster Independent School District.

### I.

Lancaster Independent School District had an insurance contract with United Community Insurance Company. The contract provided, among other things, that if damage occurred to any of the school district's buildings, the insurance company had the option of either paying the school district's claim for the repair or replacement of the damaged buildings or repairing or replacing the buildings itself. In April 1994, severe tornadic weather damaged several of the school district's buildings. The insurance company elected to repair the buildings and hired Lawrence General Corporation to act as the general contractor for the repairs. Lawrence General, in turn, hired Dallas Metal to perform some of the repairs. Dallas Metal was not paid for its work and eventually sued the school district for damages.

In its suit, Dallas Metal generally alleged that because the school district, as a governmental entity, failed to obtain a payment bond for the work performed on its buildings, it was directly liable to Dallas Metal for its labor performed and material provided on the buildings. Dallas Metal filed a motion for summary judgment specifically alleging that the provision in the insurance contract allowing the insurance company itself to repair the damaged buildings rendered the insurance contract a statute-defined public work contract. It alleged the insurance company was a "prime contractor" as also defined by statute. Dallas Metal asserted in its motion that it was entitled to judgment as a matter of law because the school district's failure to require the insurance company, as a prime contractor, to post a payment bond violated the Texas Government Code and, thus, made the school district statutorily liable for the insurance company's failure to pay Dallas Metal.

The school district also filed a motion for summary judgment. It asserted as its ground for relief that no public work contract existed. The trial court granted the school district's motion for summary judg-

ment and denied Dallas Metal's motion. Dallas Metal timely appealed asserting three points of error.

## II.

We apply well-known standards when reviewing a motion for summary judgment. *See Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex. 1985). When both parties move for summary judgment, each must carry its own burden of proof. *Benchmark Bank v. State Farm Lloyds,* 893 S.W.2d 649, 650 (Tex.App.—Dallas 1994, no writ). That burden is to show an entitlement to summary judgment as a matter of law by conclusively proving all the elements of the cause of action or defense. *Odeneal v. Van Horn,* 678 S.W.2d 941, 941 (Tex.1984). In this case, we review the Texas Government Code, as well as the summary judgment record, to decide whether the trial court should have granted either motion. *See Jones v. Strauss,* 745 S.W.2d 898, 900 (Tex.1988) (per curiam).

■ In its first point of error, Dallas Metal contends the trial court erred by denying its motion for summary judgment and granting the school district's motion. It specifically argues, as it did in the trial court, that the school district must pay Dallas Metal for its repairs to the school district's buildings because the district failed to obtain a payment bond from the insurance company, a "prime contractor," when the two entered into a "public work contract." The government code requires a governmental entity making a public work contract with a prime contractor for more than twenty-five thousand dollars to obtain a payment bond from the prime contractor. *See* TEX.GOV'T CODE ANN. § 2253.021(a) (Vernon Supp.2000). Under the government code, a governmental entity that fails to obtain a payment bond from a prime contractor for a project is subject to the same liability that a surety would have if the surety had issued a payment bond on the project. *See id.* § 2253.027. A "prime contractor" is defined under the

code as a "person, firm, or corporation that makes a public work contract with a governmental entity." *See id.* § 2253.001(3). A school district is a governmental entity. *See id.* § 2253.001(1)(C). A "public work contract" is defined as a "contract for constructing, altering, or repairing a public building or carrying out or completing any public work." *See id.* § 2253.001(4). The heart of Dallas Metal's argument is that the insurance contract involved here, at least to the extent it provided for the insurance company to make the repairs itself, was a "public work contract."

■ An insurance contract between a governmental entity and an insurance company, like the one here, is a contract based on the possibility that one or more of the governmental entity's buildings might become damaged. The school district's insurance contract provided that, in the event of damage to its buildings, the insurance company could either pay the school district to repair or replace the damaged buildings or actually repair or replace them itself. A "public work contract," on the other hand, is a contract for actual construction, alteration, or repair of a public building or the carrying out or completion of any public work. *See id.* § 2253.001(4). The "public work contract" definition contemplates a contract for actual work to be done, not a contract that insures that work will be done if some eventuality occurs. We conclude that the school district's insurance contract with the insurance company did not constitute a "public work contract." Because the insurance contract here was not a "public work contract," the insurance company was not a "prime contractor" as defined by the Texas Government Code. *See id.* § 2253.001(3). Correspondingly, the school district was not required to obtain a payment bond from the insurance company. Finally, the school district was not statutorily liable to Dallas Metal for failing to obtain a payment bond. *See id.*

§ 2253.027.[1] We overrule Dallas Metal's first point of error.

Dallas Metal's second and third points of error relate to whether it gave proper notice of its claim and whether the school district should pay for Dallas Metal's claimed damages out of the school district's surplus funds. Because of our disposition of Dallas Metal's first point of error, we need not address these two points of error.

We affirm the trial court's judgment.

1. During the 75th Legislature, section 2253.022 was added to the Texas Government Code, effective September 1, 1997. Although not applicable in this case, section 2253.022(c) provides that there is an implied obligation under an insurance contract with a governmental entity for an insurance company to furnish the payment bond described in section 2253.021(c). *See* TEX.GOV'T CODE ANN. § 2253.022(c) (Vernon Supp.2000). Pursuant to section 2253.022(f), if the payment bond is not furnished, a governmental entity now may be liable. *See id.* § 2253.022(f).