**DALLAS AREA RAPID TRANSIT, Appellant,**

v.

**J.W. THOMAS, Appellee.**

No. 05–05–00159–CV.

Court of Appeals of Texas, Dallas.

July 19, 2005.

Rehearing Overruled Aug. 10, 2005.

Hyattye O. Simmons, Dallas, TX, for Appellant.

J.W. Thomas, Harker Heights, TX, for Appellee.

Before Justices WHITTINGTON, MOSELEY, and LANG–MIERS.

## OPINION

Opinion by Justice WHITTINGTON.

Dallas Area Rapid Transit appeals the trial court's order denying its plea to the jurisdiction. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (Vernon Supp. 2004–05). J.W. Thomas sued DART for injuries sustained when he slipped and fell on a wet tile sidewalk at a DART transit station. DART filed a plea to the jurisdiction, contending Thomas failed to establish DART's had waived its governmental immunity. The trial judge denied DART's plea to the jurisdiction without prejudice, noting that "outstanding discovery issues" should be addressed as soon as possible. In a single issue, DART contends the trial judge erred in denying its plea to the jurisdiction because Thomas did not plead and the evidence does not support a cause of action within the limited waiver of governmental immunity authorized by the Texas Tort Claims Act. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.021(2) & 101.022(a) (Vernon 2005). We affirm the trial court's order.

### BACKGROUND

On October 29, 2000, Thomas was waiting for a bus at DART's Mockingbird station in Dallas. Thomas had a monthly bus pass that he had purchased from DART. It had been raining that day and, as Thomas walked toward the bus, he slipped and fell on decorative tiles embedded in the walking surface, breaking his leg.

In October of 2002, Thomas sued DART for his injuries caused by the fall. Thomas alleged DART's governmental immunity for personal injuries caused by a premises defect had been waived by the Texas Tort Claims Act. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.021(2) & 101.022(a) (Vernon 2005). In response, DART filed a plea to the jurisdiction asserting governmental immunity. After limited discovery, the trial judge denied DART's plea to the jurisdiction, without prejudice.

### LAW

Appellate courts reviewing a challenge to a trial court's subject matter jurisdiction review the trial judge's ruling de novo. *Tex. Dept. of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 228 (Tex.2004) (citing *Tex. Natural Res. Conservation Comm'n v. IT–Davy,* 74 S.W.3d 849, 855 (Tex.2002)). When a plea to the jurisdiction challenges the pleadings, we determine if the facts alleged affirmatively demonstrate the court's jurisdiction to hear the case. *Miranda,* 133 S.W.3d at 226. Whether the pleadings affirmatively demonstrate the trial court's subject matter

jurisdiction is a question of law. *Miranda*, 133 S.W.3d at 226.

■ In providing public transportation, DART is performing a governmental function and is entitled to immunity from suit and liability absent an express statutory waiver. *See* TEX. TRANSP.CODE ANN. § 452.052(c) (Vernon 1999); *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex.2003). Immunity from suit defeats a court's subject matter jurisdiction and may be raised by a plea to the jurisdiction. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex.1999). In deciding a plea to the jurisdiction based on governmental immunity, a judge should consider the facts alleged by the plaintiff and, to the extent it is relevant to the jurisdictional issue, the evidence submitted by the parties. *Tex. Natural Res. Conservation Comm'n v. White*, 46 S.W.3d 864, 868 (Tex. 2001). When a jurisdictional challenge implicates the merits of a plaintiff's cause of action and the plea to the jurisdiction includes evidence, the trial judge reviews the evidence to determine if a fact issue exists. *Miranda*, 133 S.W.3d at 227. If the evidence creates a fact issue regarding the jurisdictional issues, the trial judge should not grant the plea to the jurisdiction. *Miranda*, 133 S.W.3d at 227. When the consideration of a trial court's subject matter jurisdiction requires the examination of evidence, the trial judge exercises her discretion in deciding whether the jurisdictional determination should be made at a preliminary hearing or await a fuller development of the case, mindful that this determination must be made as soon as practicable. *Miranda*, 133 S.W.3d. at 226 (citing *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex.2000)). A trial judge abuses her discretion by acting in an unreasonable or arbitrary manner or by failing to follow guiding rules and principles. *Stewart v.*

*Sanmina Texas L.P.*, 156 S.W.3d 198, 214 (Tex.App.—Dallas 2005, no pet.).

PLEA TO THE JURISDICTION

■ Under the Texas Tort Claims Act, governmental immunity is waived for personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law. TEX. CIV. PRAC. & REM.CODE ANN. § 101.021(2) (Vernon 2005). If the condition of real property giving rise to the waiver of immunity is a premise defect, the governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property, unless the claimant pays for the use of the premises. TEX. CIV. PRAC. & REM.CODE ANN. § 101.022(a) (Vernon 2005). The duty owed by a governmental entity to a licensee is not to injure the licensee by willful, wanton, or grossly negligent conduct, and to use ordinary care either to warn the licensee of, or make reasonably safe, a dangerous condition of which the owner is aware and the licensee is not. *State Dept. of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex.1992). If the claimant pays for the use of the premises, the limitation of duty under section 101.022 does not apply and the governmental entity owes the claimant the duty owed to an invitee. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.022(a) (Vernon 2005). A governmental entity has the duty to warn an invitee of dangerous conditions of which the government has knowledge or which the government would have discovered in the exercise of ordinary care. *City of San Antonio v. Hartman*, 155 S.W.3d 460, 465 (Tex.App.—San Antonio 2004, pet. filed) (citing *Payne*, 838 S.W.2d at 237). That duty also requires the owner to use ordi-

nary care to reduce or eliminate an unreasonable risk of harm created by the condition. *Hartman,* 155 S.W.3d at 465.

In his second amended petition, Thomas alleged he was injured when he fell on a wet tile surface at DART's Mockingbird station. Thomas alleged he paid for the use of the premises by purchasing his monthly bus pass and that, therefore, DART owed him the duty owed an invitee. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.022 (Vernon 2005). In its plea to the jurisdiction, DART claimed Thomas did not pay for the use of the premises and was owed only the duty owed to a licensee. DART argued that, as a licensee, Thomas presented no evidence DART engaged in willful, wanton, or grossly negligent conduct and had therefore failed to raise a fact issue that would implicate the premises liability waiver of DART's governmental immunity. A hearing on DART's plea to the jurisdiction was set.

Prior to the hearing on the plea, Thomas had filed a motion to compel in response to DART's numerous objections to Thomas's requests for disclosure, interrogatories, requests for admissions, requests for production, and request for entry upon property. Although DART submitted a significant amount of evidence in support of its plea to the jurisdiction, it had vigorously opposed discovery by Thomas with respect to similar evidence. In his motion to compel, Thomas sought production of evidence relating to prior similar incidents at the bus stop, construction and maintenance of the walkway, warnings provided by DART, and any measurements DART may have taken to determine traction provided by the walkway's surface. The requested evidence would arguably allow Thomas to meet his burden to raise a fact issue re-

garding DART's waiver of governmental immunity with respect to a premises defect.[1] *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.022 (Vernon 2005).

After the hearing on DART's plea to the jurisdiction, the trial judge entered an order stating

It is therefore [ ] ORDERED, ADJUDGED AND DECREED that Defendant Dallas Area Rapid Transit's Plea to the Jurisdiction is hereby denied without prejudice. Please set the Mot. to Compel as soon as possible to address the outstanding discovery issues.

As is evident from the language of the order, the trial judge, in her discretion, decided to await a fuller development of the facts surrounding Thomas' premises defect claim before making a final decision on DART's plea to the jurisdiction. After reviewing the record in this case, we cannot say that the trial judge acted in an arbitrary or unreasonable manner or failed to follow guiding rules and principles in reaching this decision. *See Miranda,* 133 S.W.3d at 226.

DART also argues Thomas failed to plead or present evidence that would support a waiver of governmental immunity because decisions made by DART during the construction process of the walkway were discretionary. The waiver of governmental immunity contained in section 101.021(2) of the Texas Tort Claims Act does not apply to:

(1) the failure of a governmental unit to perform an act that the unit is not required by law to perform; or

(2) a governmental unit's decision not to perform an act or on its failure to make a decision on the performance or nonperformance of an act if the law leaves the performance or nonperformance of

---

1. We need not determine whether Thomas was an invitee or licensee because the determination of either status is fact intensive, and Thomas was denied discovery with respect to both.

the act to the discretion of the governmental unit.

Tex. Civ. Prac. & Rem.Code Ann. § 101.056 (Vernon 2005).

██ DART acknowledges the line of cases holding that maintenance and construction are not discretionary functions of a governmental entity but argues that these cases are factually distinguishable. *See City of Ft. Worth v. Gay*, 977 S.W.2d 814 (Tex.App.—Fort Worth 1998, no pet.); *Mitchell v. City of Dallas*, 855 S.W.2d 741 (Tex.App.—Dallas 1993), *aff'd*, 870 S.W.2d 21 (Tex.1994); *Shives v. State*, 743 S.W.2d 714 (Tex.App.—El Paso 1987, writ denied). Once again, we note that evidence regarding maintenance and construction of the Mockingbird bus station was the subject of Thomas's motion to compel. DART produced records regarding cleaning and a lack of maintenance work orders in support of its plea to the jurisdiction while objecting to the production of similar evidence requested by Thomas in discovery. In light of this, we cannot say that the trial judge abused her discretion in denying DART's plea to the jurisdiction pending a fuller development of the case. *See Miranda*, 133 S.W.3d at 226.

██ In reaching this conclusion, we reject DART's argument that the Texas Transportation Code creates additional statutory discretion that shields DART from waiver of governmental immunity under the Tort Claims Act. *See* Tex. Transp. Code Ann. § 452.064 (Vernon 2005). Section 452.064(a) provides:

(a) An authority that constructs or operates or contracts with another entity to construct or operate a light rail mass transit system is not subject to any state law regulating or governing the design, construction, or operation of a railroad, railway, street railway, street car, or interurban railway.

Tex. Transp. Code Ann. § 452.064(a) (Vernon 2005). DART argues that, because it

operates a light rail mass transit system, the language of section 452.064(a) exempts it from the application of *any state law* that regulates or governs, *in any way*, the design, construction, or operation of a railroad or any of the other listed entities and that this gives DART greater governmental immunity than other governmental entities. Not only would such a broad interpretation shield DART from the effects of the Texas Tort Claims Act, it would foreclose enforcement of numerous other state laws with respect to DART. In making this argument, DART cites no authority for its proposition that section 452.064(a) grants to it such far-reaching discretion and authority, nor has our research yielded any. As this proposal has no support in the existing body of law in Texas, we decline to create a separate class of governmental immunity for DART.

Having concluded the trial judge did not abuse her discretion in denying DART's plea to the jurisdiction without prejudice, we affirm the trial court's order.