**Affirm and Opinion Filed August 2, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-01104-CV**

**DALLAS AREA RAPID TRANSIT (DART), Appellant**
**V.**
**MARY ANN CAMERON, Appellee**

**On Appeal from the 68th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-21-03713**

## MEMORANDUM OPINION

Before Justices Schenck, Osborne, and Smith
Opinion by Justice Osborne

This suit arises from appellee Mary Ann Cameron's fall in DART's Cityplace Station. Appellant Dallas Area Rapid Transit, the defendant below, filed a plea to the jurisdiction contending that Cameron failed to establish DART's waiver of governmental immunity. The trial court denied DART's plea. In a single issue, DART contends the trial court erred by denying its plea because DART's immunity is not waived. We affirm the trial court's order.

BACKGROUND

In her operative petition, Cameron alleged that on May 20, 2019, she exited the DART train on which she had been riding from her home in Plano. She exited at the DART Cityplace Station. She alleged that "[a]s she was walking on the exit ramp to leave an area operated, maintained and controlled by [DART], she slipped and fell on the extremely slick surface." As a result of her fall, Cameron fractured her left knee.

Cameron alleged that the area where she fell "was a dangerous condition created or allowed to exist by the Defendant, its agents, employees, or representatives." She pleaded that her injuries were proximately caused by DART's:

a.      Creating and maintaining an unreasonably dangerous condition on the Defendant's premises;

b.      Failing to reasonably inspect the Defendant's premises for the unreasonably dangerous condition it created pursuant to its own policies and procedures;

c.      Failing to remove the unreasonably dangerous condition and trip hazard created on the Defendant's premises; and

d.      Failing to warn the Plaintiff of the unreasonably dangerous condition and trip hazard created on its premises.

DART filed a plea to the jurisdiction, contending that Cameron alleged a design defect—the choice of tile flooring in Cityplace Station—constituting a discretionary act for which immunity is maintained under the Texas Tort Claims Act. *See* TEX. CIV. PRAC. & REM. CODE § 101.056 ("Discretionary Powers"). Cameron filed a response alleging that maintenance and construction are not

discretionary functions for which a governmental entity is immune. The trial court denied DART's plea.

This appeal followed. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8) (interlocutory appeal from denial of plea to the jurisdiction by a governmental unit). In one issue, DART contends the trial court erred by denying its plea to the jurisdiction because its immunity is not waived under the Tort Claims Act.

## PLEA TO THE JURISDICTION

To invoke the trial court's subject-matter jurisdiction, the plaintiff must allege facts that affirmatively demonstrate the court has jurisdiction to hear the case. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). A plea to the jurisdiction is an appropriate procedural vehicle by which a party may challenge a trial court's subject-matter jurisdiction. *Id.* at 225–26.

When a plea to the jurisdiction challenges the existence of jurisdictional facts, the court considers the evidence submitted when resolving the jurisdictional issue. *Id.* at 227. "If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the fact finder." *Id.* at 227–28. However, if the evidence related to the jurisdictional issue is undisputed or fails to raise a fact question as to jurisdiction, the trial court rules on the plea to the jurisdiction as a matter of law. *Id.* at 228.

We review a trial court's ruling on a plea to the jurisdiction *de novo. Id.* As with the summary judgment standard of review, we take as true all evidence

–3–

favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in the nonmovant's favor. *See id.*

## DISCUSSION

The Texas Tort Claims Act ("TTCA") does not waive a governmental unit's immunity for a claim based on either "(1) the failure of a governmental unit to perform an act that the unit is not required by law to perform," or "(2) a governmental unit's decision not to perform an act or on its failure to make a decision on the performance or nonperformance of an act if the law leaves the performance or nonperformance of the act to the discretion of the governmental unit." TEX. CIV. PRAC. & REM. CODE § 101.056. DART argues that section 101.056 applies to preserve its immunity, characterizing Cameron's claim as alleging "that the flooring at CP Station was improperly designed or that different tiles/materials should have been used." DART concludes that its immunity "is not waived for the designs it chose to use or the type of tiling it selected for the floor at the CP station."

DART argues that Cameron made only "vague and conclusory statements" in her petition and deposition testimony that do not raise a fact issue on DART's plea to the jurisdiction. DART contends, "Cameron's argument is essentially that DART's choice of tile was improper and another non-slick or less slick tile should have been installed at CP Station." Quoting *Hanna v. Impact Recovery Systems, Inc.*, DART argues that the design of a public work such as DART's public transit stations "is a discretionary function involving many policy decisions, and the governmental

–4–

entity responsible may not be sued for such decisions." 295 S.W.3d 380, 394 (Tex. App.—Beaumont 2009, pet. denied).

Cameron responds that "Texas case law is well-settled" that "[p]remises maintenance at the operational level is not discretionary and does not afford DART immunity from liability." Cameron cites several cases for this proposition including this Court's opinion in *Dallas Area Rapid Transit v. Thomas*, 168 S.W.3d 322, 327 (Tex. App.—Dallas 2005, pet. denied). In *Thomas*, the plaintiff slipped and fell on "decorative tiles embedded in the walking surface" at a DART station. *Id.* at 324. We noted "the line of cases holding that maintenance and construction are not discretionary functions of a governmental entity." *Id.* at 327.[1] Consequently, we concluded the trial court did not abuse its discretion by denying DART's plea to the jurisdiction pending "a fuller development of the facts" surrounding the plaintiff's premises defect claim. *Id.* at 326–27.

DART distinguishes *Thomas*, arguing we "did not hold that the trial court had jurisdiction over the claim made by Thomas," but only that the trial court did not abuse its discretion by denying the plea pending further discovery. *See id.* Regardless

---

[1] We cited three cases in support of this proposition: *City of Fort Worth v. Gay*, 977 S.W.2d 814, 817 (Tex. App.—Fort Worth 1998, no pet.) ("Maintenance activities undertaken at the operational level are not discretionary functions and are not immune from liability."); *Mitchell v. City of Dallas*, 855 S.W.2d 741, 745 (Tex. App.—Dallas 1993), *aff'd*, 870 S.W.2d 21 (Tex. 1994) (same); and *Shives v. State*, 743 S.W.2d 714, 716 (Tex. App.—El Paso 1987, writ denied) (explaining that roadway design, including placement of safety features such as stop signs, is a discretionary function, while maintenance involves preservation of a highway as it was designed and constructed).

of this distinction, in *Thomas* we recognized the principle that maintenance is not a discretionary function, *see id.* at 327, and that principle applies equally here.

DART also argues that Cameron failed to plead or to produce any evidence that her fall was caused by any maintenance problem. We disagree. Cameron explained in both her recorded statement and her deposition that her fall was caused by "slick tile" or "slippery tile." She alleged in her petition that her fall was caused by the "extremely slick surface." She offered evidence, undisputed by DART, that DART was responsible for cleaning, maintaining, and mopping the CityPlace station floor. We conclude the trial court did not err by denying DART's plea to the jurisdiction. We decide DART's sole issue against it.

## CONCLUSION

The trial court's order is affirmed.

/Leslie Osborne//

211104f.p05

LESLIE OSBORNE
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DALLAS AREA RAPID TRANSIT (DART), Appellant

No. 05-21-01104-CV          V.

MARY ANN CAMERON, Appellee

On Appeal from the 68th Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-21-03713. Opinion delivered by Justice Osborne. Justices Schenck and Smith participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Mary Ann Cameron recover her costs of this appeal from appellant Dallas Area Rapid Transit (DART).

Judgment entered this 2nd day of August, 2022.