**TEXAS DEPARTMENT OF MENTAL HEALTH AND MENTAL RETARDATION, Appellant,**

v.

**NEWBASIS CENTRAL, L.P., Successor to Dalworth Concrete Products, Inc., Appellee.**

No. 2–01–110–CV.

Court of Appeals of Texas, Fort Worth.

Oct. 4, 2001.

John Cornyn, Attorney General, Howard G. Baldwin, Jr., First Assistant Attorney General, Jeffrey S. Boyd, Deputy Attorney General for Litigation, David C. Mattax and Carey E. Smith Assistant Attorney Generals, Austin, for Appellant.

Parks, Huffman, McVay, Shepard & Wells, P.C., B. Scott Huffman and David M. Parks, Arlington, for Appellee.

Panel A: CAYCE, C.J., LIVINGSTON and GARDNER, JJ.

## OPINION

LIVINGSTON, Justice.

The Texas Department of Mental Health and Mental Retardation (TDMHMR) appeals the trial court's disposition of competing motions for summary judgment. In a single issue, TDMHMR claims that a governmental entity standing in the shoes of a surety is entitled to the same presuit notice the government code mandates for sureties. *See* TEX. GOV'T CODE ANN. §§ 2253.027, 2253.041 (Vernon 2000). Because we hold that section 2253.027 of the government code does not require presuit notice, we affirm.

### Facts

On December 14, 1995, TDMHMR awarded a contract to Texas Enviroserve, Inc. (Enviroserve) to provide environmental remediation services at numerous TDMHMR facilities. Enviroserve, in turn, hired Dalworth Concrete Products, Inc., now known as Newbasis Central, L.P. (Newbasis), to provide precast concrete above-ground storage tanks and accessories to TDMHMR locations. TDMHMR failed to require Enviroserve to secure a payment bond to protect subcontractors as required by statute. *See* TEX. GOV'T CODE

ANN. § 2253.021. Enviroserve completed its work for TDMHMR by June 6, 1996 and was paid in full by TDMHMR.

Though Newbasis performed per the terms of its contract, delivering the tanks and accessories between December 1995 and June 1996, Enviroserve failed to pay Newbasis. Newbasis sued Enviroserve and its owners for breach of contract/sworn account, alter ego, and misapplication of trust funds. Newbasis also included a claim against TDMHMR based on section 2253.021 of the government code, alleging that TDMHMR's failure to procure a payment bond from Enviroserve for the protection of subcontractors created direct liability for TDMHMR to those subcontractors. *See id.* Both TDMHMR and Newbasis moved for summary judgment, and the trial court ruled in favor of Newbasis. The trial court ordered TDMHMR to pay $119,750.05 in damages and prejudgment interest and $17,500 in attorney's fees.

## Standard of Review

In a summary judgment case, the issue on appeal is whether the movant met its summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex.1999); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). An order overruling or denying a motion for summary judgment is not a proper subject for appeal. *See Cincinnati Life Ins. Co. v. Cates,* 927 S.W.2d 623, 625 (Tex.1996). However, denial of a motion for summary judgment can be appealed when the trial court granted the opposing party's motion for summary judgment. *Bradley v. State*

*ex rel. White,* 990 S.W.2d 245, 247 (Tex. 1999).

## Statutory Scheme: Protection of Subcontractors

■ Because subcontractors and suppliers are prohibited from affixing liens against public buildings, the legislature enacted what has come to be known as the McGregor Act to create a method by which such individuals may be assured of payment for materials and services they have provided. *See Ramex Constr. Co. v. Tamcon Servs., Inc.,* 29 S.W.3d 135, 139 (Tex.App.—Houston [14th Dist.] 2000, no pet.) (op. on reh'g). The McGregor Act is also intended to provide a simple and direct method for claimants who supply labor and material in the construction of public works to give notice and perfect claims. *See City of LaPorte v. Taylor,* 836 S.W.2d 829, 832 (Tex.App.—Houston [1st Dist.] 1992, no writ). Many courts have recognized that the McGregor Act is highly remedial and should receive the most comprehensive and liberal construction possible in order to accomplish its purposes. *See Ramex Constr.,* 29 S.W.3d at 139; *City of LaPorte,* 836 S.W.2d at 832; *United Benefit Fire Ins. Co. v. Metro. Plumbing Co.,* 363 S.W.2d 843, 847 (Tex. Civ.App.—El Paso 1962, no writ).

The McGregor Act provides that a governmental entity that makes a public work contract with a prime contractor shall require the contractor, before beginning the work, to execute to the governmental entity a payment bond if the contract is in excess of $25,000. TEX. GOV'T CODE ANN. § 2253.021(a)(2). The payment bond is "solely for the protection and use of payment bond beneficiaries who have a direct contractual relationship with the prime contractor or a subcontractor to supply public work labor or material." *Id.* § 2253.021(c)(1).

One who has provided public work labor or material under a public work contract for which a payment bond has been furnished may sue the principal or surety, jointly or severally, on the payment bond if the claim is not paid before the sixty-first day after the date the notice for the claim is mailed. *Id.* § 2253.073(a). To recover in a suit under section 2253.073 on a payment bond, a claimant must mail, on or before the fifteenth day of the third month after each month in which any of the claimed labor was performed or any of the claimed material was delivered, to the prime contractor and to the surety a written notice of the claim accompanied by a sworn statement of account. *Id.* § 2253.041. One who files suit after providing the requisite notice may recover the unpaid balance of the claim as well as reasonable attorney fees. *Id.* § 2253.073(b).

### Subcontractor Remedies in the Absence of Payment Bonds

The McGregor Act addresses the situation where a subcontractor has not been compensated and no payment bond exists. Section 2253.027 currently provides, in its entirety:

If a governmental entity fails to obtain from a prime contractor a payment bond as required by Section 2253.021:

(1) the entity is subject to the *same liability that a surety would have if the surety had issued a payment bond* and if the entity had obtained the bond; and

(2) a payment bond beneficiary is entitled to a lien on money due to the prime contractor in the same manner and to the same extent as if the public work contract were subject to Subchapter J, Chapter 53, Property Code.

TEX. GOV'T CODE ANN. § 2253.027 (emphasis added). Neither party contests the applicability of section 2253.027.

Section 2253.027 does not explicitly address presuit notice or any other procedural mechanisms, but instead provides that if a governmental entity fails to require the prime contractor in a public work contract to secure a payment bond the entity itself becomes "subject to the same liability that a surety would have if the surety had issued a payment bond and if the entity had obtained the bond." *Id.* § 2253.027(1). We are required to construe this "subject to the same liability that a surety would have" language, specifically to determine whether it is intended to afford a governmental entity the same presuit notice protections enjoyed by sureties. The question is one of first impression.

TDMHMR argues that section 2253.027 anticipates governmental liability being contingent upon a claimant's compliance with the presuit notice provisions applicable to sureties. Specifically, TDMHMR contends the only way a governmental entity can be held to "the same liability" as a surety is to read all McGregor Act provisions that assign rights and responsibilities to sureties as assigning the same rights and responsibilities to governmental entities that are exposed to liability because of their failure to insist upon general contractors securing payment bonds. TDMHMR maintains that if a McGregor Act claimant is not required to give a governmental entity the notice that the claimant would be required to give a surety, the governmental entity would be burdened with greater potential liability than sureties face. TDMHMR also complains of the potential for double payment in the absence of an enforceable presuit notice provision, arguing that the legislature did not intend for taxpayers to pay twice for goods and services. TDMHMR contends that

requiring subcontractors to be diligent and provide presuit notice when prime contractors fail to compensate them properly would support this policy by lessening the risk that governmental entities will pay both general contractors and subcontractors for the same goods and services.

Newbasis responds that nothing in the McGregor Act requires a claimant to give a governmental entity presuit notice of a claim, and that the clear language of section 2253.027 and all collateral statutes belie TDMHMR's position. According to Newbasis, TDMHMR's argument is flawed inasmuch as it attempts to apply law related to recovery on a payment bond, sections 2253.041 and 2253.073, to situations such as the one here that necessarily do not involve payment bonds. Newbasis further contends that TDMHMR interprets "liability" too broadly by insisting that this term refers to procedural mechanisms applicable to a surety instead of merely to the amount of financial exposure a surety faces.

■■■ We are persuaded by Newbasis's arguments. The goal of statutory construction is to give effect to the legislature's intent. *See* TEX. GOV'T CODE ANN. §§ 311.021, 311.023, 312.005 (Vernon 1998); *Kroger Co. v. Keng,* 23 S.W.3d 347, 349 (Tex.2000); *Sorokolit v. Rhodes,* 889 S.W.2d 239, 241 (Tex.1994); *Monsanto Co. v. Cornerstones Mun. Util. Dist.,* 865 S.W.2d 937, 939 (Tex.1993). Where language in a statute is unambiguous on its face, a reviewing court must seek the intent of the legislature as found in the plain and common meaning of the words and terms used. *Moreno v. Sterling Drug, Inc.,* 787 S.W.2d 348, 352 (Tex.1990); *RepublicBank Dallas, N.A. v. Interkal, Inc.,* 691 S.W.2d 605, 607 (Tex.1985); *Cail v. Serv. Motors, Inc.,* 660 S.W.2d 814, 815 (Tex.1983). When we determine a statute is clear and unambiguous, we need not

resort to rules of construction or extrinsic aids to construe it, but may give the statute its common meaning. *See St. Luke's Episcopal Hosp. v. Agbor,* 952 S.W.2d 503, 505 (Tex.1997). Essentially, we must take statutes as we find them. *RepublicBank,* 691 S.W.2d at 607.

■■■ However, words in a vacuum mean nothing, and frequently only in the context of the remainder of the statute can the true meaning of a single provision be made clear. *See Bridgestone/Firestone, Inc. v. Glyn–Jones,* 878 S.W.2d 132, 134 (Tex.1994). In other words, in determining the meaning of a statute, a reviewing court may consider the entire act, its nature and object, and the consequences that would follow from each construction. *See* TEX. GOV'T CODE ANN. § 311.023; *Sharp v. House of Lloyd, Inc.,* 815 S.W.2d 245, 249 (Tex.1991).

■■ We begin with a plain-language analysis. We agree with Newbasis that the plain language of all relevant provisions offers no basis for the imposition of a presuit notice prerequisite when suit is filed under section 2253.027. Section 2253.027 provides only that a governmental entity that failed to obtain a payment bond from a prime contractor becomes "subject to the same liability that a surety would have if the surety had issued a payment bond and if the entity had obtained the bond." TEX. GOV'T CODE ANN. § 2253.027. Nothing in this section suggests any procedural prerequisites to suit against a governmental entity. In fact, section 2253.027 is conspicuously silent regarding conditions to recovery. *Id.* We cannot interpret this silence as being inadvertent. Every word or phrase excluded from a statute must be presumed to have been excluded for a purpose. *Subaru of America, Inc. v. David McDavid Nissan, Inc.,* —— S.W.3d ——, ——, 44 Tex.Sup. Ct.J. 779, 783, 2001 WL 578337, at *7 (May

31, 2001); *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 540 (Tex.1981).

By comparison, section 2253.022(f), enacted in 1997, *doe* s mention presuit notice in the context of governmental liability and is therefore also critical to our analysis.[1] Like section 2253.027, section 2253.022 imposes direct liability on governmental entities that have failed to insist upon payment bonds to protect subcontractors. Section 2253.022, however, includes a presuit notice provision—lacking in section 2253.027—requiring a payment bond beneficiary to give notice of a claim to a governmental entity as if the governmental entity were the surety. Tex. Gov't Code Ann. §§ 2253.022(f), 2253.027. There is a very well-established rule that where a later act implies a particular construction of an existing law, and particularly where the existing law is ambiguous or its meaning uncertain, interpretation of the prior act by the legislature as contained in the later act is persuasive when a court is called upon to interpret the prior law. *Stanford v. Butler*, 142 Tex. 692, 181 S.W.2d 269, 274 (1944). We construe the later-enacted provision, section 2253.022, as the legislature's comment on the earlier section, and conclude that the legislature added the presuit notice requirement because it identified the lack of notice as a deficiency in section 2253.027. Section 2253.022, again, was not codified until 1997 and cannot be applied to the present case because Newbasis completed performance in June of 1996.

Because section 2253.027 does not include a notice requirement as a prerequisite to suit or recovery against a governmental entity and because a later enacted provision indicates that the legislature has recognized that section 2253.027 does not contain such a provision, we will not infer one. TDMHMR, however, argues a governmental entity is nonetheless entitled to presuit notice under collateral McGregor Act sections. Specifically, TDMHMR contends that section 2253.073 provides the only authority for a cause of action under the McGregor Act, that section 2253.027 merely allows a governmental entity to be a "substitute party" for a surety under section 2253.073, and that mandatary presuit notice requirements are contained in section 2253.041. An examination of the interaction between these provisions does not support TDMHMR's position.

Section 2253.073, entitled "Suit on Payment Bond," does not reference liability of governmental entities and expressly authorizes suit only for one "who has provided public work labor or material under a public work contract *for which a payment bond is furnished* under this chapter." Tex. Gov't Code Ann. § 2253.073 (emphasis added). This plain language does not support TDMHMR's claim that governmental liability is actually effectuated through this section. Likewise, section 2253.041, entitled "Notice Required for Claim for Payment for Labor or Material," expressly deals only with recovery *on a payment bond* under section 2253.073. *Id.* § 2253.041 (Vernon 2000). This section also does not mention governmental entity liability and does not contain any language

---

1. Section 2253.022 also addresses governmental liability, providing:

    If the payment bond required by Subsection (a) is not furnished, the governmental entity is subject to the same liability that a surety would have if the surety had issued the payment bond and the governmental entity had required the bond to be provided. To recover in a suit under this subsection, the only notice required of a payment bond beneficiary is a notice given to the governmental entity, as if the governmental entity were the surety, in accordance with Subchapter C.

    Tex. Gov't Code Ann. § 2253.022(f) (Vernon 2000).

that suggests it applies to suits other than those brought under section 2253.073. *Id.*

■ Thus, having examined the plain language of section 2253.027, the legislature's subsequent comments on the subject, and collateral statutory provisions, we hold that section 2253.027 does not require a claimant to provide a governmental entity the same presuit notice due a surety. While TDMHMR contends that not requiring presuit notice would effectively expose a governmental entity to greater liability than a surety instead of the "same liability" mandated by statute, we conclude that the liability to which the statute refers involves financial obligation rather than procedural equity. *See Id.* § 2253.027(1). This construction finds support in the nature and object of the McGregor Act and in our mandate to construe that Act liberally in favor of claimants. *See Ramex Constr.*, 29 S.W.3d at 139. Further, that same policy of protecting innocent suppliers of goods and services also outweighs the policy of avoiding double payment by governmental entities, especially in light of the ease with which a governmental entity may avoid liability altogether by insisting that its prime contractors procure the payment bonds they are statutorily required to provide. *See* TEX. GOV'T CODE ANN. § 2253.021.

### Conclusion

Having determined the only disputed question in favor of Newbasis, we conclude that the trial court properly denied TDMHMR's motion for summary judgment and properly granted that of Newbasis. We overrule TDMHMR's sole issue and affirm the trial court's judgment.