**Affirmed and Opinion filed May 10, 2022.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-20-00401-CV

---

**UNIVERSITY OF HOUSTON SYSTEM, Appellant**

**V.**

**GROUND TEXAS CONSTRUCTION, INC., Appellee**

---

**On Appeal from the 125th District Court
Harris County, Texas
Trial Court Cause No. 2019-81924**

---

### OPINION

In this interlocutory appeal, appellant University of Houston System ("UH") appeals the denial of its plea to the jurisdiction in the lawsuit brought by appellee Ground Texas Construction, Inc. ("GTC"). *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(8) (authorizing interlocutory appeal from denial of a plea to the jurisdiction). In two issues, UH argues that GTC failed to establish a waiver of sovereign immunity because (1) GTC failed to provide timely and proper notice to UH as required by Texas Government Code §§ 2253.027, 2253.041, which UH

argues is a jurisdictional statutory prerequisite to filing suit; and (2) UH obtained a payment bond as required under § 2253.027. *See* Tex. Gov't Code Ann. §§ 2253.027, 2253.041. We affirm.

## I. BACKGROUND

On or about February 8, 2019, UH contracted with A-Status Construction, Inc., and A-Status Construction, LLC (together "A-Status") for the construction of a parking lot on UH's property in Katy, Texas. A-Status hired GTC as a subcontractor for work on the project, which included earthwork/grading, concrete paving, storm drainage and water lines, landscaping, and irrigation. The total for the subcontract was $1,525,000.00. After GTC performed work on the project and A-Status failed to compensate GTC for the work, GTC attempted to collect on A-Status's construction bond, but learned that the bond was fraudulent.

On November 12, 2019, Flash Funding, LLC filed a lawsuit against GTC, seeking to recover money owed by GTC for work Flash Funding performed on UH's project as a subcontractor for GTC. On February 25, 2020, GTC filed a third-party petition against UH, asserting causes of action for breach of contract and quantum meruit and seeking to recover $421,957.99 for unpaid labor and materials. GTC argued that UH was liable pursuant to § 2253.027 of the Government Code because it failed to obtain a valid payment bond for the project from A-Status. *See id.* § 2253.027(a). GTC further stated that it provided notice to UH and A-Status on December 2, 2019, as required by § 2253.027. *See id.* § 2253.027(b).

UH filed a plea to the jurisdiction and argued that sovereign immunity barred GTC's suit because: (1) UH obtained a bond from A-Status and UH did not know the bond was fraudulent; and (2) GTC failed to comply with the requirements that the statutory notice include a sworn statement of account and be mailed on or before by the 15th day of the third month following the month in which labor and materials

2

were provided. *See id.* §§ 2253.027(b), 2253.041. GTC argued UH did not obtain a bond as required by statute and that GTC satisfied the statutory notice requirements. On May 5, 2020, the trial court signed an order denying UH's plea to the jurisdiction. This interlocutory appeal followed. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(8).

## II. DISCUSSION

In its first issue, UH argues that the trial court erred in denying its plea to the jurisdiction because GTC did not provide UH with notice as required by § 2253.027(b), and thus, UH argues there was no waiver of immunity. GTC argues that the notice provision in § 2253.027(b) is not a jurisdictional prerequisite to filing suit against a governmental entity for the entity's failure to obtain a payment bond. Whether the notice provision in Government Code § 2253.027(b) is a jurisdictional prerequisite to suit a is a question of first impression.

In its second issue, UH argues that its immunity was not waived because it obtained a bond from A-Status, albeit a fraudulent one. UH argues that it got a "bond" and that it did not know that the bond was fraudulent, thereby preventing the application of § 2253.027(a). This is also a question of first impression.

We discuss these in reverse order.

### A. STANDARD OF REVIEW

#### 1. Plea to the Jurisdiction

A plea to the jurisdiction is a dilatory plea used to defeat a cause of action without regard to whether the claims asserted have merit. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's subject matter jurisdiction. *Id.* "A jurisdictional plea may challenge the pleadings, the existence of jurisdictional facts, or both." *Alamo Heights Indep. Sch. Dist. v. Clark*,

3

544 S.W.3d 755, 770 (Tex. 2018). Whether a trial court has subject matter jurisdiction and whether the pleader has alleged facts that affirmatively demonstrate the trial court's subject matter jurisdiction are questions of law that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

We first look to the pleadings to determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the case. *See id.* We construe the pleadings liberally in favor of the pleader, look to the pleader's intent, and accept as true the factual allegations in the pleadings. *See id.* at 226, 228. If the defendant challenges the existence of jurisdictional facts with supporting evidence, then the standard of review mirrors that of a summary judgment. *See Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 384 (Tex. 2016); *Carmichael v. Tarantino Props., Inc.*, 604 S.W.3d 469, 474 (Tex. App.—Houston [14th Dist.] 2020, no pet.). If the relevant evidence is undisputed or fails to raise a fact question on the jurisdiction issue, then the trial court rules on the plea as a matter of law. *Miranda*, 133 S.W.3d at 228. However, if the evidence creates a fact issue regarding the jurisdictional issue, then the trial court cannot grant the plea, and the fact issue will be resolved by the fact finder. *Id.* at 227. When the facts underlying the merits and subject-matter jurisdiction are intertwined, the plaintiff need only show that there is a disputed material fact regarding the jurisdictional issue. *Id.* at 227–28 ("[I]n a case in which the jurisdictional challenge implicates the merits of the plaintiffs' cause of action and the plea to the jurisdiction includes evidence, the trial court reviews the relevant evidence to determine if a fact issue exists."); *see also Carmichael*, 604 S.W.3d at 475.

### 2. Statutory Construction

Statutory construction is a question of law we review de novo. *Maxim Crane Works, L.P. v. Zurich Am. Ins.*, No. 21-0727, 2022 WL 627829, at *5, __ S.W.3d

__, __ (Tex. Mar. 4, 2022); *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008). In construing statutes, our goal is to ascertain and give effect to the legislature's intent as expressed by the statute's plain language. *Maxim Crane Works, L.P.*, 2022 WL 627829, at \*5; *City of Rockwall*, 246 S.W.3d at 625; *see also* Tex. Gov't Code Ann. § 321.005. "If a statute is clear and unambiguous, we apply its words according to their common meaning without resort to rules of construction or extrinsic aids." *Maxim Crane Works, L.P.*, 2022 WL 627829, at \*5 (citing *In re Estate of Nash*, 220 S.W.3d 914, 917 (Tex. 2007)); *see Health Presbyterian Hosp. of Denton v. D.A.*, 569 S.W.3d 126, 136 (Tex. 2018) ("A statute's unambiguous language is the surest guide to the Legislature's intent because the Legislature expresses its intent by the words it enacts and declares to be law.") (internal citations and quotation marks omitted).

"We use definitions prescribed by the Legislature and any technical or particular meaning the words have acquired . . . ." *Maxim Crane Works, L.P.*, 2022 WL 627829, at \*6 (quoting *City of Rockwall*, 246 S.W.3d at 625–26). "Otherwise, '[w]ords not statutorily defined bear their common, ordinary meaning unless a more precise definition is apparent from the statutory context or the plain meaning yields an absurd result." *Id.* (quoting *Fort Worth Transp. Auth. v. Rodriguez*, 547 S.W.3d 830, 838 (Tex. 2018))); *see also Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009) (op. on reh'g) ("Where text is clear, text is determinative of [the Legislature's] intent."). We must read the statute as a whole and not just isolated portions. *Tex. Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 642 (Tex. 2004).

## B. APPLICABLE LAW

In Texas, sovereign immunity protects the state and various divisions of the state, including universities, from liability and lawsuits unless, by consent, the state

waives immunity. *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 696 (Tex. 2003); *Tara Partners, Ltd. v. City of S. Hous.*, 282 S.W.3d 564, 576 (Tex. App.— Houston [14th Dist.] 2009, pet. denied); *see Prairie View A&M Univ. v. Chatha*, 381 S.W.3d 500, 512 (Tex. 2012) ("Sovereign immunity bars suits against the state and its entities, and this immunity remains intact unless surrendered in express and unequivocal terms by the statute's clear and unambiguous waiver." (citing Tex. Gov't Code Ann. § 311.034; *Miranda*, 133 S.W.3d at 225–26)). Sovereign immunity encompasses two distinct principles: immunity from suit and immunity from liability. *Miranda*, 133 S.W.3d at 224. Immunity from liability is an affirmative defense, but immunity from suit deprives a court of subject matter jurisdiction. *Id.* Because immunity from suit, unlike immunity from liability, affects the court's jurisdiction, immunity from suit is properly raised in a plea to the jurisdiction. *Tara Partners, Ltd.*, 282 S.W.3d at 576; *see Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 696 (Tex. 2003). Alternatively, immunity from liability does not affect a court's jurisdiction to hear a case and cannot be raised in a plea to the jurisdiction. *Wichita Falls State Hosp.*, 106 S.W.3d at 696 (citing *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638–39 (Tex. 1999)).

"[A]ny purported statutory waiver of immunity should be strictly construed in favor of retention of immunity." *Chatha*, 381 S.W.3d at 513. "Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity." Tex. Gov't Code Ann. § 311.034.

Chapter 2253 of the Texas Government Code governs public works contracts. *See generally* Tex. Gov't Code Ann. §§ 2253.001–2253.079; *see also Tex. Dep't of Mental & Health Retardation v. Newbasis Cent., L.P.*, 58 S.W.3d 278, 280 (Tex. App.—Fort Worth 2001, pet. dism'd). The Texas Legislature enacted Chapter 2253 to provide subcontractors and suppliers involved in public-works contracts a basis

for recovery, because a subcontractor or a supplier may not place a lien against a public building. *See Redland Ins. v. Sw. Stainless, L.P.*, 181 S.W.3d 509, 511 (Tex. App.—Fort Worth 2005, no pet.); *Overstreet v. Houston County*, 365 S.W.2d 409, 413 (Tex. App.—Houston 1963, writ ref'd n.r.e.). It is also intended to provide a simple and direct method for claimants who supply labor and material in the construction of public works to give notice and perfect claims. *Newbasis Cent.*, 58 S.W.3d at 280 (citing *City of LaPorte v. Taylor*, 836 S.W.2d 829, 832 (Tex. App.—Houston [1st Dist.] 1992, no writ)). Chapter 2253 is highly remedial and should be given the most comprehensive and liberal construction possible to accomplish its purpose. *See Ramex Const. Co. v. Tamcon Servs., Inc.*, 29 S.W.3d 135, 139 (Tex. App.—Houston [14th Dist.] 2000, no pet.); *City of LaPorte*, 836 S.W.2d at 832; *see also Newbasis Cent.*, 58 S.W.3d at 280.

If a governmental entity makes a public work contract with a prime contractor in excess of $100,000, then the governmental entity shall require the contractor, before beginning the work, to execute to the governmental entity a performance bond and a payment bond. Tex. Gov't Code Ann. § 2253.021(a). The payment bond under § 2253.021(a)(2) is solely for the protection and use of payment bond beneficiaries who have a direct contractual relationship with the prime contractor to supply public work or labor material. *Id.* § 2253.021(c)(1).

Section 2253.027 is titled "Liability of Governmental Entity." *Id.* § 2253.027. Subsection (a) provides that if a governmental entity fails to obtain from a prime contractor a payment bond as required by § 2253.021, then the entity is subject to the same liability that a surety would have if the surety had issued a payment bond and if the entity had obtained the bond. *Id.* § 2253.027(a)(1). Subsection (b) provides that: "To recover in a suit under [§ 2253.027(a)], the only notice a payment bond beneficiary is required to provide to the governmental entity is a notice provided in

7

the same manner as described by [Texas Government Code Chapter 2253] Subchapter C." *Id.* § 2253.027(b). The notice must be written and mailed to the prime contractor on or before the 15th day of the third month after each month in which any of the claimed labor was performed or any of the claimed material was delivered. *See id.* §§ 2253.027(b), 2253.041. Further, the notice must be accompanied by a sworn statement of account that states in substance that the amount claimed is just and correct and that all just and lawful offsets, payments, and credits known to the affiant have been allowed. *See id.* §§ 2253.027(b), 2253.041; *see also Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995) ("The purpose of the notice requirement is to ensure prompt reporting of claims in order to enable governmental units to gather information necessary to guard against unfounded claims, settle claims, and prepare for trial.").

## C. ANALYSIS

UH is a state agency entitled to sovereign immunity. *See Tex. S. Univ. v. Pepper Lawson Horizon Int'l Grp., LLC*, 634 S.W.3d 428, 435 (Tex. App.—Houston [1st Dist.] 2021, pet. filed); *Tex. S. Univ. v. Araserve Campus Dining Servs. of Tex., Inc.*, 981 S.W.2d 929, 930 (Tex. App.—Houston [1st Dist.] 1998, pet. denied). Section 2253.027(a) of the Government Code provides a limited waiver of immunity for governmental entities that fail to obtain a "payment bond" from a prime contractor for a public-works project. *See* Tex. Gov't Code Ann. § 2253.027; *City of Madisonville v. Sims*, 620 S.W.3d 375, 378 (Tex. 2020) (per curiam). Subsection (b) further provides a notice requirement that must be satisfied "to recover in a suit under subsection(a) . . . ." Tex. Gov't Code Ann. § 2253.027(b).

### 1. Section 2253.027(a)'s Payment "Bond"

UH argues that the limited waiver of immunity provided for in § 2253.027(a) does not apply because UH obtained a bond from A-Status as required by

§§ 2253.021, 2253.027(a), (albeit a fraudulent bond), and UH did not have knowledge that the "bond" was fraudulent.

Section 2253.027(a) provides that the governmental entity is required to obtain a "payment bond," and it is undisputed that the bond A-Status provided to UH was fraudulent. *See id.* § 2253.027(a). We note that neither "payment bond" nor "bond" are defined under Chapter 2253. *See id.* § 2253.001; *Maxim Crane Works, L.P.*, 2022 WL 627829, at *5–6. Thus, we turn to the common and ordinary meaning of "bond." *See Maxim Crane Works, L.P.*, 2022 WL 627829, at *5–6.

A "bond" is defined, in part, as "[a] written promise to pay money or do some act if certain circumstances occur or a certain time elapses . . . ." Black's Law Dictionary (11th ed. 2019); *see also, e.g.*, *Langdeau v. Dick*, 365 S.W.2d 945, 952 (Tex. App.—Austin 1962, writ ref'd n.r.e.) ("Ordinarily the words 'debenture bond' means a note or series of notes issued by a corporation . . . and constitute written promises to repay money loaned to the corporation."); *Grayson v. City of Marshall*, 145 S.W. 1034, 1037 (Tex. App.—Texarkana 1912, writ ref'd) ("This bond was a written promise to pay a certain sum . . . ."). Here, the "bond" was fraudulent because the written promise it purported to represent did not exist. Stated differently, no surety promised to pay the claims of A-Status's subcontractors who provided labor and materials and perfected claims, and thus, even if A-Status provided UH with a piece of paper that had "bond" in its title, it was not a "bond," per the meaning of the term. Accordingly, we conclude that the fraudulent bond here is not a bond as required under §§ 2253.021(a)(2) and 2253.027(a). *See* Tex. Gov't Code Ann. §§ 2253.021(a)(2), 2253.027(a). Thus, the limited waiver of immunity in § 2253.027(a) is implicated, and the trial court has subject-matter jurisdiction over GTC's suit.

Finally, UH argues that its immunity was not waived, even if it failed to obtain

a payment bond, because the statute provides that the governmental entity "is subject to the same liability that a surety would have if the surety had issued a payment bond and if the entity had obtained the bond . . . ." *Id.* § 2253.027(a)(1). UH argues that a surety would not have any liability under the facts of this case because GTC failed to provide the notice required under Chapter 2253 to hold a surety liable, and thus, no waiver of immunity has occurred. We discuss this issue below.

## 2. Section 2253.027(b)'s Notice Requirement

The notice provision in § 2253.027(b) concerns a governmental entity's immunity from liability. *See id.* § 2253.027(b); *Wichita Falls State Hosp.*, 106 S.W.3d at 696. Thus, a claimant's failure to satisfy § 2253.027(b)'s notice requirement cannot be properly asserted in a plea to the jurisdiction unless the notice requirement in § 2253.027(b) is a statutory prerequisite to suit. *See* Tex. Gov't Code Ann. § 311.034 ("Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity."); *Wichita Falls State Hosp.*, 106 S.W.3d at 696 ("[I]mmunity from liability does not affect a court's jurisdiction to hear a case and cannot be raised in a plea to the jurisdiction.").

UH argues the notice requirement in § 2253.027(b) is a jurisdictional prerequisite to suit, and thus, failure to comply with the notice requirements prevents waiver of UH's immunity. GTC argues that the notice provision in § 2253.027(b) is not a statutory prerequisite to suit, and thus, not a jurisdictional requirement per § 311.034. *See* Tex. Gov't Code Ann. § 311.034 ("Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity.").

We begin with the presumption that the Legislature did not intend to make § 2253.027(b)'s notice requirement jurisdictional, which is overcome "only by clear

legislative intent to the contrary."[1] *See City of DeSoto v. White*, 288 S.W.3d 389, 394 (Tex. 2009); *see also Crosstex Energy Servs., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 391 (Tex. 2014) ("We resist classifying a provision as jurisdictional absent clear legislative intent to that effect."). The Supreme Court of Texas has defined the term "statutory prerequisite" as having three components: (1) a prerequisite must be found in the relevant statutory language, (2) the prerequisite must be a requirement, and (3) the requirement must be met before the lawsuit is filed. *Chatha*, 381 S.W.3d at 511–12.

Here, the first component is met because the statutory language found in § 2253.027(b) provides for the notice requirement at issue. *See* Tex. Gov't Code Ann. § 2253.027; *Chatha*, 381 S.W.3d at 511–12. The second component is also met because the relevant subsection states that the notice is "required" to recover in a suit based on a governmental entity's failure to obtain a bond from a prime contractor. *See* Tex. Gov't Code Ann. § 2253.027; *Chatha*, 381 S.W.3d at 511–12. GTC disputes the existence of the third component and argues that "there is nothing in the Texas Government Code Chapter 2253 that states that the notices must be given prior to filing suit." GTC elaborates on its argument by averring that "[i]f a claimant discovered that there was no valid payment bond on the job within a few weeks of having performed the work, the claimant could file suit against the governmental entity and later give the timely statutory notices."

We agree with GTC that the plain and unambiguous language of the statute does not provide that the notice required by subsection (b) must be given before suit

---

[1] "The failure of a non-jurisdictional requirement mandated by statute may result in the loss of a claim, but that failure must be timely asserted and compliance can be waived." *Univ. of Sw. Med. Ctr. at Dall. V. Loutzenhiser*, 140 S.W.3d 351, 359 (Tex. 2004), *superseded by statute*, Act of May 25, 2005 79th Leg. R.S., ch. 1150, § 1, 2005 Tex. Gen. Laws 3783, 3783. Alternatively, "[t]he failure of a jurisdictional requirement deprives the court of the power to act (other than to determine that it has no jurisdiction), and ever to have acted, as a matter of law." *Id.*

is filed. *See Health Presbyterian Hosp. of Denton*, 569 S.W.3d at 136; *City of Rockwall*, 246 S.W.3d at 625; *see also In re United Servs. Auto Ass'n*, 307 S.W.3d 299, 308 (Tex. 2010) ("While the phrase 'may not be brought' makes the provision mandatory, . . . the statute does not indicate that the provision is jurisdictional or that the consequence of noncompliance is dismissal."); *City of DeSoto*, 288 S.W.3d at 396 (observing that statute did not contain explicit language indicating that requirement was jurisdictional nor did it provide a consequence for noncompliance). Furthermore, we note that subsection (b) provides that "the only notice a payment bond beneficiary is required to provide to the governmental entity is a notice provided in the same manner as described by Subchapter C." Tex. Gov't Code Ann. § 2253.027(b). The sections in Subchapter C address the notice requirements in difference scenarios, but none of the sections provide that notice must be given before suit is filed. *See id.* §§ 2253.041(b)–(d) (providing required contents of notice for claim for payment for labor or material), 2253.042 (providing that a written agreement may be included in the notice along with sworn statement of account), 2253.043 (providing notice requirements if there is no written agreement), 2253.044 (providing notice requirements if the claim is for a lump-sum payment for multiple items of public work labor or material), 2253.045 (providing required contents of the notice if the claim is for unpaid labor or material under a written unit price agreement), 2253.046(b)–(c) (providing required contents of the notice if the claim is for payment of retainage), 2253.047(b)–(e) (providing additional notice requirements for payment bond beneficiaries without direct contractual relationship with the prime contractor), 2253.048 (providing that notice must be sent by certified or registered mail).

Notably, two sections in Subchapter C acknowledge that notice may be sent before a particular public works project is completed. *See id.* §§ 2253.042 ("A

12

payment bond beneficiary has the option to enclose with the sworn statement of account . . . a copy of the written agreement *and a statement of the completion or the value of partial completion of the agreement*.") (emphasis added), 2253.045 ("The notice for a claim for public work labor performed or public work material delivered by a payment bond beneficiary who is a subcontractor or materialman to the prime contractor or to a subcontractor and who has a written unit price agreement *that is wholly or partially completed* is sufficient if . . . .") (emphasis added). This supports GTC's argument that, in certain instances, claims under § 2253.027(a) may arise after a suit is filed against a governmental entity, which would require the provision of additional notices to the governmental entity subsequent to the filing of a lawsuit by the claimant. Stated differently, this supports a conclusion that the notice requirement in § 2253.027(b) may, at times, be provided to a governmental entity after suit has been filed pursuant to § 2253.027(a).

We conclude that the notice required in § 2253.027(b) is not a prerequisite to suit as provided for in § 311.034 and defined by the supreme court. *See id.* § 311.034; *Health Presbyterian Hosp. of Denton*, 569 S.W.3d at 136; *Chatha*, 381 S.W.3d at 511–12; *City of Rockwall*, 246 S.W.3d at 625; *see also Albertson's, Inc. v. Sinclair*, 984 S.W.2d 958, 961 (Tex. 1999) (per curiam) ("[J]ust because a statutory requirement is mandatory does not mean that compliance with it is jurisdictional."); *Jefferson County v. Farris*, 569 S.W.3d 814, 827–28 (Tex. App.—Houston [1st Dist.] 2018, pet. denied) ("Because the statute contemplates that, at least in some situations, presentment to the commissioners court may happen after the filing of suit, it would defy logic to construe this as a jurisdictional prerequisite to filing suit."). We overrule UH's first issue and second issue.[2]

---

[2] Because we conclude § 2253.027(b)'s requirement that notice be provided to the governmental entity "in the same manner as described by Subchapter C" in order to recover is not a statutory prerequisite to suit, we need not address UH's arguments that GTC's notices failed to

### III.    CONCLUSION

Because § 2253.027(b) is not a jurisdictional prerequisite to suit, and because UH failed to obtain a bond as required, we conclude that the trial court did not err when it denied UH's plea to the jurisdiction. *See* Tex. Gov't Code Ann. §§ 2253.021, 2253.027; *Miranda*, 133 S.W.3d at 227–28. We affirm the trial court's order.


/s/    Margaret "Meg" Poissant
Justice


Panel consists of Chief Justice Christopher and Justices Hassan and Poissant.

---

comply with the statute. This claim should be brought in a motion for summary judgment, not in a plea to the jurisdiction. *See Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 696 (Tex. 2003); *Tara Partners, Ltd. v. City of S. Hous.*, 282 S.W.3d 564, 576 (Tex. App.—Houston [14th Dist.] 2009, pet. denied).